IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BRADLEY KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-04210-CV-C-NKL |
| ) | |
| UNION ELECTRIC COMPANY, d/b/a ) | |
| AMERENUE, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Bradley Kelly originally sued Defendants Union Electric Company and Vincent Bottorff ("Defendants") in Missouri state court, alleging retaliatory discharge under both state law and the federal Age Discrimination in Employment Act (ADEA). Defendants subsequently removed the case to this Court and, on the same day, moved for a partial judgment on the pleadings [Doc. # 3]. One week later, Kelly requested leave to amend his complaint to dismiss the ADEA claim and to remand the action back to state court [Doc. # 10]. This Court now grants Kelly's motion for leave to amend and remands the remaining state-law claims.

**I.    Request to Amend Complaint**

Kelly requests leave to amend his complaint to dismiss the ADEA count, his only federal claim. *See Envtl. Dynamics, Inc. v. Robert Tyer & Assocs., Inc.*, 929 F. Supp. 1212, 1224-26 (N.D. Iowa 1996) (noting similarity between Rule 15 and Rule 41, and explaining

1

Rule 15, as opposed to Rule 41, applied to situations where plaintiff sought to dismiss less than all claims). Under Federal Rule of Civil Procedure 15(a), leave to amend is "freely given when justice so requires." *See also Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 n.2 (8th Cir. 2002). There is no undue delay and defendants do not seriously contest the amendment. *See Deutsche Fin. Servs. Corp. v. BCS Ins. Co.*, 299 F.3d 692, 700 (8th Cir. 2002). Therefore, the Court grants Kelly's request for leave to amend his complaint and dismiss Count II (ADEA claim) without prejudice.

## II. Remaining State-Law Claims

Having amended his complaint to eliminate the ADEA count, Kelly's remaining claims are all based on state law. Neither party disputes that the Court retains jurisdiction over the supplemental state-law claims or that it has the discretion to remand. *See Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1248-49 (8th Cir 2006) (noting jurisdiction is determined at the time of removal); *Lindsey v. Dillard's Inc.*, 306 F.3d 596, 599 (8th Cir. 2002) ("[A] court is not required to remand state law claims when the only federal claim has been dismissed."); *see also* 28 U.S.C. § 1367. In determining whether to exercise supplemental jurisdiction, the Court considers several factors, including "judicial economy, convenience, fairness, and comity." *Krambeck v. Children & Families of Iowa, Inc.*, 451 F. Supp. 2d 1037, 1043 (S.D. Iowa 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). "Normally, when the federal claims are disposed of before trial, these factors will lead a court to decline to exercise supplemental jurisdiction over the state law claims." *Id.* (citing *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7); *see also Nelson v.*

2

*Hennepin County Med. Ctr.*, No. 06-1865, 2007 WL 2695647, at *2 (D. Minn. Sept. 11, 2007) ("In general, a federal district court is not the proper forum for litigating purely state-law disputes between residents of the same state.").

Defendants assert it would be unfair to remand the case because Kelly, they allege, has engaged in a history of dilatory and manipulative tactics. Specifically, Defendants' allegations relate to Kelly's administrative action with the Department of Labor. However, as Defendants admit, that administrative action dealt with the Energy Reorganization Act (ERA), 42 U.S.C. § 5851 *et seq.*, which is not at issue in this case. Defendants further argue, citing *Ching v. Mitre Corp.*, 921 F.2d 11 (5th Cir. 1990), that Kelly opened himself up for removal by including the ADEA claim in his original state-court petition. *See id.* at 14 ("As the master of his claim, Ching's own decision to incorporate the ADEA claim as one of the elements of [his] suit at the time the complaint was filed opened the door for MITRE to remove the case to federal court."). In addition, Defendants argue remanding the case would place a burden on the state court because the court would be limited to a smaller jury pool. Finally, Defendants claim that this Court has already invested considerable resources and that remand should be denied in the interests of judicial economy.

First, Defendants' claims regarding the burden caused by finding an acceptable jury in Callaway County are meritless. Defendants cite no authority, and this Court has found none, suggesting either that this is true or that it is an appropriate consideration. Second, significant judicial resources have not been expended on this case so far. Aside from the request for leave to amend and motion to remand, the only motion currently before the Court

3

is Defendants' partial judgment on the pleadings. Also, the Court just entered the scheduling order on December 20, 2007, and discovery has not even begun in this case. Thus, the Court has had little involvement up to this point. *See Nelson*, 2007 WL 2695647, at *2 (in considering factors, noting court had little involvement in case other than hearing a few motions).

It does appear, however, that Kelly wishes to dismiss his ADEA claim for the sole purpose of effectuating remand. There is a split among courts regarding whether it is a legitimate tactical decision to include a federal claim in a state-court petition, dismissing it only after defendants remove to federal court. *See Payne v. Parkchester N. Condos.*, 134 F. Supp. 2d 582, 584-585 (S.D.N.Y. 2001) (comparing *Austwick v. Bd. of Educ.*, 555 F. Supp. 840, 842 (N.D. Ill. 1983) (holding that if state forum is more important to plaintiff, he should make that assessment before filing), with *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995) (explaining defendant is not obligated to remove, and that if "defendant rejects the plaintiff's offer to litigate in state court" then there is "nothing manipulative" about plaintiff's "straightforward tactical decision" to choose state forum over federal claims)). In the present case, admittedly Kelly knew he was bringing federal claims and has no reason to amend other than his desire to avoid federal court. *See id.* at 586 (discussing intentional manipulation). This Court agrees with the Ninth Circuit's analysis in *Baddie* that a plaintiff has a right to bring both his federal claims and state claims together in state court; a defendant may, but does not have to, remove to federal court. *See Baddie*, 64 F.3d at 491. It does not make sense to force a plaintiff to forgo his federal claims at the outset when he

4

has a legitimate right to bring them in state court. *See id.* ("[T]here would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court.").

However, even if, technically, Kelly has attempted to manipulate the forum, on balance the factors still favor remand. In *Lindsey*, a case with a procedural posture almost indistinguishable from here, the Eighth Circuit held the district court did not err when—after it granted plaintiff's motion for leave to file an amended complaint dismissing the federal claim—it remanded the case back to state court. *See Lindsey*, 306 F.3d at 600; *see also Nelson*, 2007 WL 2695647, at *2 (remanding where only state-law claims remained). Additionally, Kelly requested leave to amend and moved to remand within a week of removal; there was no undue or unreasonable delay. Considering—in conjunction with the other factors of judicial economy, convenience, fairness and comity—that the remaining claims involve only state-law issues and that there is no evidence of dilatory tactics, the Court, in its discretion, remands this action back to the Circuit Court of Callaway County, Missouri.

### III. Attorneys' Fees and Costs

Defendants, under 28 U.S.C. § 1447(c), request an award of attorneys' fees and costs associated with removal. Kelly maintains he should not be penalized because he was allowed to file both federal and state claims. *See Baddie*, 64 F.3d at 490 ("[I]t would be an abuse of discretion under any reading of [§ 1447(c)] to penalize plaintiffs who, knowing that a state court forum is more important to them than their federal claims, nevertheless plead both state

5

and federal claims in state court, with the intent to dismiss federal claims later to avoid federal court if the defendant removes."). A plain reading of section 1447(c) suggests it only applies to costs "incurred as a result of the removal." But, as noted in *Baddie*, Defendants' costs were not incurred as a result of the removal, but were in response to Kelly's motion for remand. *See* 64 F.3d at 490 ("Where the removal was proper but plaintiffs take action subsequent to removal to precipitate remand, the expense of opposing remand would not have been incurred absent the removal. That expense, however, is proximately caused by the plaintiffs' subsequent action rather than by the removal itself."). Therefore, section 1447(c) does not authorize an award in this case.

**IV.   Conclusion**

Accordingly, it is hereby

ORDERED that Plaintiff's Motion for Leave to File Amended Complaint and Request to Remand to State Court [Doc. # 10] is GRANTED. Plaintiff's ADEA claim is dismissed without prejudice and the above-captioned case remanded to the Circuit Court of Callaway County, Missouri. It is further

ORDERED that Defendant's Motion for Costs [included in Doc. # 12] is DENIED. It is further

ORDERED that Defendants' Motion for Partial Judgment on the Pleadings [Doc. # 3] is DENIED AS MOOT.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

6

Dated: January 3, 2008
Jefferson City, Missouri